IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03358-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JUSTIN WINKLER,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel [filed September 4, 2014; docket #32]. The matter is referred to this Court for resolution [docket #33]. For the reasons that follow, the Court **grants** the Plaintiff's motion.

Plaintiff initiated this action alleging that a John Doe Defendant, identified only by an Internet Protocol ("IP") address, had infringed on Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Complaint, docket #1. Plaintiff was granted permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference for the purpose of obtaining additional information concerning the identity of the Doe Defendants. Docket #9. After receiving such information, the Plaintiff filed an Amended Complaint naming Justin Winkler as the Defendant in this case. Docket #12. Plaintiff served Mr. Winkler with a summons and the Amended Complaint on May 3, 2014. Docket #20. Mr. Winkler did not timely respond to the Amended Complaint.

This Court held a Scheduling Conference in this case on June 20, 2014 at which Mr. Winkler

appeared. Docket #27. The Court directed Mr. Winkler to file a response to the operative pleading; accordingly, Mr. Winkler filed an Answer on June 27, 2014. Docket #31. Meanwhile, the Court issued a Scheduling Order in which the parties agreed to submit no more than 25 interrogatories and 25 requests for production of documents, and the Court set the deadline to propound paper discovery for December 15, 2014. Docket #29.

In its motion to compel, Plaintiff contends that it propounded its first set of written discovery requests on July 2, 2014 and, when it received no responses from Defendant, mailed a letter to him on August 8, 2014 informing the Defendant that it would file a motion to compel if the responses were not received within seven days. Docket #32-3 at 4. Subsequently, on September 2, 2014, Plaintiff emailed the Defendant noting it had not received Defendant's initial disclosures nor responses to Plaintiff's discovery requests and, thus, would file a motion to compel. *Id.* at 5. Plaintiff then filed the present motion to compel on September 4, 2014; that same day, this Court issued an order directing Defendant to respond to the motion. Docket #34. However, Defendant did not file a response to Plaintiff's motion within the time allotted by D.C. Colo. LCivR 7.1(d) in contravention of the Court's order.[1]

> The scope of evidence that is subject to discovery under the federal rules is broad:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested

---

[1] The Court notes that both the written discovery requests and the motion to compel contain certificates of service indicating that both were properly served upon Defendant in accordance with Fed. R. Civ. P. 5 and the accompanying local rules.

discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, the Defendant has raised no objection to the discovery sought and the Court finds that Plaintiff's discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Rule 26(b)(1). *See* Plaintiff's First Set of Interrogatories to Defendant, docket #32-1 and Plaintiff's First Request for Production of Documents to Defendant, docket #32-2. In addition, the requests are numbered within the limits set forth in the Scheduling Order.

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). In the event a motion to compel responses to discovery is granted, Rule 37(a)(5) requires, after an opportunity to be heard, "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, the record reflects that Defendant has failed to respond to Plaintiff's discovery requests in a timely fashion and has failed to respond to Plaintiff's motion to compel. At no time did Defendant seek an extension from the Court for any of these deadlines. Under these circumstances, the Court finds that sanctions are appropriate and orders as follows:

(1) Plaintiff shall have all costs and attorney's fees reasonably incurred in filing the Motion to Compel by filing an affidavit supporting such expenses no later than October 20, 2014;

(2) Defendant may object to the reasonableness of the fees requested by Plaintiff no later than November 3, 2014; and

(3) Defendant is ordered to respond to Plaintiff's First Set of Interrogatories to Defendant and First Request for Production of documents no later than October 27, 2014.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion

to Compel [filed September 4, 2014; docket #32] is **granted** as specified herein.

Dated at Denver, Colorado, this 6th day of October, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge